IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CRYSTAL ALLEN,

        **Plaintiff,**

v.                                              CIVIL ACTION NO. 1:12CV156
                                                                 (Judge Keeley)

**JONDREA NICHOLSON,**
**ERIN NORMAN,**
**CREE LEMASTERS,**
**KIMBERLY JACKSON,**
**JEFFERY HOMER,**

        **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I. Introduction.

This matter comes before the Court on the Motion to Dismiss filed by defendant pro se Jeffery Homer [D.E. 13]; Motion to Dismiss filed by defendant pro se Kimberly Jackson [D.E. 15]; and Motion to Dismiss filed by defendants Jondrea Nicholson, Erin Norman and Cree Lemasters [D.E. 16]. Defendant Homer filed a second motion to dismiss pro se, which appears to differ only in that he corrects his mailing address [D.E. 31]. Finally, Defendant Homer, now appearing through counsel, filed a third Motion to Dismiss on March 27, 2013 [D.E. 34].

This matter was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley on February 21, 2013 [D.E. 24].

### II. Background

Plaintiff filed her Complaint in this Court on October 2, 2012 [D.E. 1]. Plaintiff states that on March 18, 2009, Defendants Nicholson, Norman, and Lemasters "made a decision to remove [her] minor children from [her] home and put them in foster care" with Defendants Jackson and Homer [D.E. 1]. Plaintiff alleges Nicholson, Norman, and Lemasters violated her civil rights; caused her

months of terror, horror, grievous harm, time lost, substantial economic hardship, and injuries to [her] children, as one of [her] children [was] abused in foster care." Further, Plaintiff alleges Nicholson filed court documents [falsely] stating Plaintiff's son had been burned with cigarettes, and failed to talk with Plaintiff's minor child's doctors or therapists. Plaintiff claims her minor children were wrongfully removed from her house on March 18, 2009, that she was falsely accused, and that Nicholson committed perjury against her in court.

Plaintiff demands the following relief:

●$80 thousand dollars per child from defendant Administration for Children's Services, City of Doddridge County, West Virginia[1] for damages, for causing Plaintiff substantial economic hardship, for depriving Plaintiff and her children Civil Rights 42 U.S.C. Section 1983, for depriving Plaintiff and Plaintiff's children the right to family integrity, for depriving Plaintiff and her children their constitutional rights, for depriving Plaintiff and her children the right to life, liberty, property, and that guaranteed by statute, for disregarding the probability of Plaintiff's children suffering emotional and mental distress.

●Nicholson never be able to be a social worker ever again and be prosecuted to the fulliest [sic] extent of the law.

●Norman not be allowed to ever work for Social Services ever again and be prosecuted to the fulliest [sic] extent of the law.

● Lemasters not be able to be employed with Social Services ever again and also be prosecuted to the fulliest [sic] extent of the law.

---

[1]Plaintiff has not included the "Administration for Children's Services" as a defendant. In fact, she names no government agency whatsoever.

● Jackson and Homer never be able to be foster care parents and be prosecuted to the fullest extent of the law.

●That the following names be cleared of any wrong doing: Crystal Allen, Kay Mullenix, Bert Mullenix.

### III. Procedural History

Plaintiff filed her complaint in this Court on October 2, 2012 [D.E. 1]. She filed a Motion to Proceed In Forma Pauperis, which was granted [D.E. 5]. After Defendants filed their Motions to Dismiss, because the plaintiff was proceeding pro se, the Court provided Plaintiff with a Roseboro[2] Notice advising her of her right to respond to the Motions to Dismiss and notifying her that her failure to respond could result in the entry of an order of dismissal against her. Plaintiff did not respond to the Roseboro Notice or to any of the Motions.

### IV. Motions to Dismiss – Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case when a complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs, 882 F.2d 870 (4th Cir. 1989). Courts, however, are not required to accept conclusory allegations couched as facts and nothing more when ruling on a motion to dismiss pursuant to 12(b)(6). A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct.1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. To survive a

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

motion to dismiss a plaintiff must state a plausible claim in his complaint that is based on cognizant legal authority and includes more than conclusory or speculative factual allegations. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id.; see also Nemet Chevrolet, Ltd. v. Comsumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id.

The question of whether a complaint is legally sufficient is measured by whether it meets the standards for a pleading stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.) Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009).

Plaintiff brings this action pro se, which requires the Court to liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251(1976); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to dismissal. Id. at 520-21. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott,

4

998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985).

Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006)(unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider official public records, "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462 (4th Cir. 2011). Id. "A district court may clearly take judicial notice of these public records . . ." Witthohn, supra (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint.) "Thus, . . . the court's consideration of the prior judicial record did not convert Appellees' motion to dismiss into a motion for summary judgment." Id.

## V. Statute of Limitations

The raising of the statute of limitations as a bar to a plaintiff's cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed.R.Civ.P. 12(b)(6), if the time bar is apparent on the face of the complaint. Dean v. Pilgrim's Pride Corp., 395 F.3d 471 (4th Cir. 2005). There is no federal statute of limitations for section 1983 actions. The Court therefore looks to West Virginia law. See Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)(holding that state's personal injury statute of limitations is most appropriate for section 1983 actions). West Virginia's two-year personal injury statute of limitations applies to Plaintiff's civil

rights claims. See W. Va. Code section 55-2-12(b). The Court looks to federal law for the appropriate accrual standard. See Nasim v. Warden, Md. House of Corrections, 64 F.3d 951 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996), stating that "'[u]nder federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to h[er] that reasonable inquiry will reveal h[er] cause of action." Id. Applying the West Virginia statute of limitations, combined with the federal accrual standard, to Plaintiff's complaint, it is apparent that her cause of action accrued when her children were removed from her home on March 18, 2009.[3]

Plaintiff's Complaint must therefore have been filed by March 18, 2011. It was filed on October 2, 2012. Even if one uses the date the children were returned to Plaintiff as the date of accrual, the Complaint would still remain untimely. The Court notes that in its Roseboro Notice to Plaintiff, it expressly advised her that the defendants alleged that "the Complaint must be dismissed because it was filed outside the two-year statue of limitations and is therefore time-barred." [DE 26]. The Court therefore gave Plaintiff express notice of her right to file a response to that particular defense, as well as others, and alerted her that her failure to respond could result in an order of dismissal against her. Plaintiff did not respond in any manner to any of the motions to dismiss.

The undersigned finds Plaintiff's Complaint was filed outside the two-year statute of limitations and is therefore time-barred as to all defendants. The undersigned therefore **RECOMMENDS** Plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[3]In fact, the children were returned to Plaintiff by Court Order dated August 4, 2009, after successful completion of a Pre-Adjudicatory Improvement period. See Defendants Nicholson, Norman, and Lemasters' Exhibit 1.

## VI. RECOMMENDATION

The undersigned United States Magistrate Judge respectfully **RECOMMENDS** Jeffery Homer's Motion to Dismiss and two subsequent Amended Motions to Dismiss [D.E. 13, 31, and 34]; Kimberly Jackson's Motion to Dismiss [D.E. 15]; and Defendants Jondrea Nicholson, Erin Norman and Cree Lemasters' Motion to Dismiss [D.E. 16] all be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Crystal Allen, Plaintiff *pro se,* and to Kimberley Jackson, Defendant *pro se* by Certified United States Mail, and to counsel of record via CM/ECF.

DATED: July 2, 2013.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE